**ATTACHMENT A TO**

**CORE NATURALS, LLC'S MOTION FOR LEAVE TO INTERVENE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-2142-CMA-MJW

WILLIAM A. RALSTON, RICHARD L. RALSTON, AND SALBA SMART NATURAL PRODUCTS, LLC,

Plaintiffs,

v.

SALBA CORP, N.A.,

Defendant,

and

CORE NATURALS, LLC,

Intervenor.

## INTERVENOR'S RESPONSE IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR ORDER CONFIRMING ARBITRATION AWARD

Intervener, CORE NATURALS, LLC ("CORE NATURALS"), by and through its undersigned attorneys, files this its Response in Opposition to the Plaintiffs' Application for the Entry of an Order Confirming the Award of the Arbitrator, Jane Michaels, as entered on March 11, 2010 and would show:

1. The award of the arbitrator as entered by Ms. Michaels is overbroad and overreaching and awards rights to the Plaintiffs, WILLIAM RALSTON, RICHARD RALSTON, and SALBA SMART NATURAL PRODUCTS, LLC, beyond any legal rights previously owned or held by the Plaintiffs.

2. The award of the arbitrator unlawfully infringes upon the rights of CORE NATURALS, a non-party to the arbitration proceeding and a non-party to the Assignment and

1

#1468763 v1 den

Agreement dated January 26, 2007 by and between WILLIAM RALSTON, RICHARD RALSTON, THE GREAT WESTERN TORTILLA COMPANY and SALBA CORP., N.A., upon which the award of the arbitrator was allegedly based. Further, the award affects the valuable rights of other third parties, which may include, at the very least, Canadian entities known as "Source Salba" and "Salba Olé."

## BACKGROUND

3.  The award of the arbitrator as entered in the arbitration proceeding pending before the International Centre for Dispute Resolution under Case No. 50-181-T-00467-09 was entered after an arbitration hearing that proceeded forward in Denver, Colorado on February 16, 2010 and at which hearing the Respondent to the arbitration proceeding, SALBA CORP., N.A., did not appear, either in person or telephonically. The arbitrator's award, however, violates the rules of the American Arbitration Association, which rule is cited in the arbitrator's award. Specifically, Rule 29 of the American Arbitration Association Rules governing commercial arbitration, cited in the arbitrator's award, provides as follows:

> Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award.

4.  Although the arbitrator cites to and refers to American Arbitration Association Rule 29, the arbitrator merely gave lip service to the requisites of that rule and entered an award that expanded any rights previously held by the Petitioners, WILLIAM RALSTON, RICHARD RALSTON, and SALBA SMART NATURAL PRODUCTS, LLC.

# ARGUMENT

## I. THE AWARD OF THE ARBITRATOR IS OVERBROAD AND OVERREACHING AND AWARDS RIGHTS TO THE PLAINTIFFS, WILLIAM RALSTON, RICHARD RALSTON, AND SALBA SMART NATURAL PRODUCTS, LLC, BEYOND ANY LEGAL RIGHTS PREVIOUSLY OWNED OR HELD BY THE PLAINTIFFS.

5. Pursuant to the terms of the Assignment and Agreement dated January 26, 2007 by and between WILLIAM RALSTON, RICHARD RALSTON, THE GREAT WESTERN TORTILLA COMPANY and SALBA CORP., N.A., (the "Assignment Agreement"), the subject matter thereof dealt with two United States and foreign trademarks, specifically "Salba Smart and Design" and "Salba Balance." The rights to these marks, originally registered in the name of the THE GREAT WESTERN TORTILLA COMPANY, were assigned to SALBA CORP., N.A. and, in turn, SALBA CORP., N.A. granted to the Assignor, WILLIAM RALSTON, RICHARD RALSTON and THE GREAT WESTERN TORTILLA COMPANY, the sole and exclusive worldwide license to use the above-referenced marks in connection with certain specific products enumerated in Schedule C to said Assignment Agreement. The products enumerated on Schedule C included the following:

> Snack foods, tortillas, flat breads, salsa and other sauces and condiments containing Salba or "Salvia Hispanica" ingredients.

6. The above-referenced products were more specifically defined as the "Licensed Products" pursuant to the terms of the Assignment Agreement. Moreover, pursuant to the Assignment Agreement, the Assignor had the right to add other items to the list of Licensed Products only with the prior written consent of SALBA CORP., N.A.

7. The arbitrator's award concluded that the "Claimants established that the parties added 'Salba' grain,[1] in whole grain and ground form to the list of Licensed Products under the

---

[1] The arbitrator's use of the term "Salba grain," refers to Salba branded salvia hispanica L.

3

Assignment Agreement." However, the arbitrator's award fails to establish that any such licensed products were added pursuant to the requisites of the Assignment Agreement. In particular, there is no written amendment to the Assignment Agreement expanding the list of any licensed products nor is there any written consent authored by SALBA CORP., N.A. The August 2007 e-mail communication referenced in the Arbitrator's Award, a copy of which is attached as **Exhibit "A"** is an innocuous e-mail from the Assignor that merely encloses the drawing of a proposed label for bags and does not amount to or morph into any amendment or authorized writing that would add any Licensed Products to the scope of the Assignment Agreement.

8.  The Intervenor, CORE NATURALS, was the first licensee of Salba branded salvia hispanica L grain ("Salba Grain") and ground products in North America and the only licensee to date that has maintained rights to sell the same in the United States. CORE NATURALS has been using the Salba trademark in good faith since April 11, 2005. Indeed, CORE NATURALS entered into an exclusive distribution and marketing agreement in December 2005 with Salba Research and Development, Inc. (the predecessor-in-interest to Salba Corp., N.A.). A copy of this agreement is attached hereto as **Exhibit "B."** Thereafter, CORE NATURALS was given the exclusive right by the grower of Salba Grain, SALBA CORP., S.A., to market and sell Salba Grain in the United States. A copy of this agreement is attached hereto as **Exhibit "C."** To date, CORE NATURALS has spent in excess of $1.3 million dollars on marketing to market and sell Salba Grain in the United States.

9.  CORE NATURALS and the Plaintiffs had coexisted together for several years in marketing Salba products pursuant to which CORE NATURALS sold Salba Grain and SALBA SMART NATURAL PRODUCTS sold snack foods. The arbitrator's award which unilaterally

rewrites the Assignment Agreement to add Salba Grain to the list of Licensed Products that were never added nor contemplated by the parties is overbroad and overreaching and goes beyond the rights ever extended to the Plaintiffs by SALBA CORP., N.A., the holder of the trademark, "Salba," or SALBA CORP., S.A., the grower of chia seed.

## II. THE ARBITRATOR'S AWARD UNLAWFULLY INFRINGES UPON THE RIGHTS OF CORE NATURALS, A NON-PARTY TO THE UNDERLYING ARBITRATION PROCEEDING AND A NON-PARTY TO THE ASSIGNMENT AGREEMENT

10. The Intervenor, CORE NATURALS, was not a party to the underlying arbitration proceeding and, therefore, did not have the opportunity to participate in that proceeding in order to protect its rights. The arbitrator's award which the Plaintiffs now seek to reduce to an order confirming said award unlawfully infringes upon valuable rights of the Intervenor, CORE NATURALS.

11. Specifically, the arbitration award amends the list of Licensed Products to include whole and ground Salba Grain under the terms of the January 26, 2007 Assignment Agreement when, in fact, the right to sell Salba Grain and whole grain in ground form, was previously extended by the Seller, SALBA CORP., S.A., to the Intervenor, CORE NATURALS, pursuant to an Agreement dated May 20, 2008. A copy of this Agreement is attached as **Exhibit "C."**

12. The arbitrator's award also purports to enjoin the Respondent, SALBA CORP., N.A., from its performance under a License Agreement extended to CORE NATURALS in June 2009. A copy of this License Agreement is attached as **Exhibit "D."** The arbitrator's award, as such, attempts to void a contract duly bargained for by and between the Intervenor, CORE NATURALS, and the Respondent, SALBA CORP., N.A. The arbitrator's award, therefore, acts as an unlawful taking and deprivation of valuable contract rights belonging to CORE NATURALS, a non-party to the underlying arbitration proceeding.

5

13. In addition, the Confirmatory Assignment, attached as Exhibit "A" to the arbitrator's award, which the arbitrator directs SALBA CORP., N.A. to execute, provides as follows:

> Assignor shall not adopt, grant any rights and/or use the registered mark "Salba," Registration No. 3,071,655 or any confusingly similar mark, or any term in combination with "Salba" in North America, nor shall Assignor or any successor in interest do or suffer to be done any act or thing which will in any way impair the rights of Assignees in and to the Marks, including but not limited to opposing or challenging the validity of the Marks.

14. The Confirmatory Assignment, as authored by the arbitrator, unlawfully infringes upon the rights of an interested party, the Intervenor, CORE NATURALS, inasmuch as CORE NATURALS has been using the registered mark "Salba" in commerce in North America since April 11, 2005. The language of the Confirmatory Assignment unlawfully infringes upon and, in effect, voids the valuable contract rights inuring in favor of CORE NATURALS. Moreover, the Confirmatory Assignment operates to grant and vest valuable trademark rights to SALBA SMART NATURAL PRODUCTS, LLC, in a mark -"Salba"- that it never had any interest in.

15. Plaintiffs never requested any relief against CORE NATURALS in its initial Petition to Compel Arbitration. Although the federal rules require notice pleading, they still require a "short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. Pro. 8(a). The purpose of federal rule 8(a) is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." See Huggins v. Hilton, 180 Fed. Appx. 814 (10th Cir. 2006).

16. Moreover, CORE NATURALS was improperly omitted as a defendant to this action. To the extent Plaintiffs seek an award that could affect the valuable rights of CORE NATURALS, CORE NATURALS is an indispensible party pursuant to Fed. R. Civ. Pro. 19(b). "An indispensible party is one whose interest will be affected by the judgment." See The Tewa

6

Tesuque v. Morton, 498 F. 2d 240 (10th Cir. 1974)(In action for cancellation of a 99-year lease between the tribe and a developer, the tribe was an indispensible party since it would be affected if lease were cancelled; thus Complaint was properly dismissed).  Thus, based upon principles of equity and good conscience, and as evidenced by the pleadings on record, Plaintiffs should be barred from seeking any relief which could adversely affect the valuable rights of CORE NATURALS in this action.

17.     Vacateur of an arbitration ruling is appropriate when "the exclusion of relevant evidence 'so affects the rights of a party that it may be said that he was deprived of a fair hearing.'"  See Hotels Condado Beach, La Concha and Convention Center v. Union de Tronquistas Local 901, 763 F. 2d 34 (1st Cir. 1985).   In this case, CORE NATURALS, an indispensible party, was deprived of a fair hearing by virtue of Plaintiffs' failure to include CORE NATURALS as a defendant in this proceeding.  Accordingly, the award of the arbitrator must be modified or vacated in part as requested herein.

WHEREFORE, Intervenor, CORE NATURALS, LLC, requests that the Court vacate those portions of the arbitrator's award to the extent that those portions of the award are in contravention to its rights as an intervenor, specifically, vacating those portions of the arbitrator's award as follows:

1.      Those portions of the arbitrator's award which attempt to extend the scope of the Licensed Products under the January 26, 2007 Assignment Agreement to include Salba Grain, in whole or in ground form;[2]

---

[2]     See generally Arbitrator's Award, Section III, page 6 (e.g. "…the Ralstons entered the business of developing, manufacturing, marketing, and distributing *the 'Salba' grain* and food products containing the 'Salba' grain")(Emphasis added); Section IV(1)(b), p. 23 (e.g. "Claimants are entitled to a declaration that the parties added 'Salba' grain, *in both whole grain and ground form*, to the list of Licensed Products. . .")(Emphasis added) (Doc. 56-2);

7

2. Those portions of the arbitrator's award which attempt to void or invalidate the License Agreement entered into by and between SALBA CORP., N.A. and CORE NATURALS in June 2009;[3] and

3. That portion of the Confirmatory Assignment, attached as Exhibit "A" to the arbitration award, which attempts to invalidate the right of SALBA CORP., N.A. to extend valuable licensing rights to the mark "Salba" to third parties, including CORE NATURALS. [4]

Dated this 13th day of April, 2010.

Respectfully submitted,

/s/ *Bobbee J. Musgrave*
Bobbee J. Musgrave
Tracy L. Ashmore
Holme Roberts & Owen, LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303)866-0200
bobbee.musgrave@hro.com
tracy.ashmore@hro.com

Counsel for the Intervenor,
Core Naturals, LLC

---

[3] See generally Arbitrator's Award, Section III (C), pp. 10-11 (e.g. "Claimants had previously provided this information to Core Naturals and Mr. Propster. . ."); Section III (D), p. 15; Section IV, p. 21; Section IV(1), p. 22 (e.g. describing Core Naturals' License Agreement as "legally invalid" and declaring the right to "an injunction against Respondent's further performance under the Core Naturals License Agreement"); Section IV(1)(c), pp. 24-25 (e.g. such findings as "Core Naturals was aware or should have been aware of the Assignment Agreement prior to entering into the 2009 License Agreement with Respondent")(Doc. 56-2);

[4] See generally Arbitrator's Award, Exhibit "A" (Doc. 56-2).

8

#1468763 v1 den

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of April, 2010 a copy of the foregoing was submitted via electronic case filing using the cm/ecf system which will provide an electronic copy to:

**Stephen D. Gurr, Esq.**
Kamlet Reichert, LLP
1515 Arapahoe Street
Tower 1, Suite 1600
Denver, CO 80202

/s/ *Teresa A. Mercill*