IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-2142-CMA-MJW

WILLIAM A. RALSTON, RICHARD L. RALSTON, AND SALBA SMART NATURAL PRODUCTS, LLC,

Plaintiffs,

v.

SALBA CORP., N.A.,

Defendant.

## SOURCE SALBA, INC.'s  MOTION FOR LEAVE TO INTERVENE

Defendant-in-Intervention Source Salba, Inc. ("Source Salba"), a Canadian Corporation, by and through its undersigned counsel, and pursuant to Rule 24 of the Federal Rules of Civil Procedure, hereby moves the Court for leave to intervene in this action as a Defendant-In-Intervention, and requests an evidentiary hearing regarding the Plaintiffs' Application for an Order Affirming the Underlying Arbitration Award and the Intervenor's Response in Opposition thereto.  Specifically, Source Salba requests the entry of an order authorizing the following relief by way of this motion:

(i)  to permit Source Salba to file a Response in Opposition to the Application for Order Affirming Arbitration Award (the "Response in Opposition"); or, alternatively

(ii)  to otherwise modify the scope of the arbitration award or vacate it in part to the extent the award negatively impacts the rights of Source Salba who was not a party to the arbitration action and had no standing to protect its rights; and

1

#1468747 v1 den

(iii) to allow the presentation of oral argument and affidavits or testimony at an evidentiary hearing on the Plaintiffs' Application for Order Confirming Arbitration Award and the related Response in Opposition, a copy of which is attached hereto as **Exhibit "A."**

In support thereof, Source Salba states as follows:

1. The instant district court proceeding was initiated on September 8, 2009, by the filing of a Petition to Compel Arbitration by the Plaintiffs. In this action and, apparently, a related arbitration action, Plaintiffs sued Salba Corp, N.A. as a defendant. However, Plaintiffs failed to include in either action any interested third parties who might be affected by the overly broad relief which was ultimately sought by Plaintiffs.

2. On October 29, 2009, this Court granted the Plaintiffs' Petition to Compel Arbitration. Subsequently, the Plaintiffs and Defendant, Salba Corp, N.A. proceeded forward to arbitration. Source Salba had no information regarding the pending proceeding until Plaintiff filed the instant Application for Order Affirming the Underlying Arbitration Award. It is Source Salba's understanding, however, that after the presentation of evidence by only one side (Plaintiffs), the Defendant ceased defending itself.[1] As a result, the arbitrator entered a substantial award in Plaintiffs' favor without reviewing a single shred of evidence that the Defendant could have presented. Thus, the arbitrator, finding that Plaintiffs' evidence was wholly undisputed, allowed Plaintiffs to recover all the relief they requested, even relief that was overbroad and overreaching.

---

[1] For unknown reasons, Counsel for Salba Corp., N.A. withdrew from representing its client in the arbitration action with the consent of Salba Corp., N.A. Further, it is believed that Salba Corp, N.A. began to represent itself (as is permissible pursuant to American Arbitration Association rules and procedures). Although the specific extent of Salba Corp., N.A.'s pro se participation is unknown, it is believed that Salba Corp., N.A. failed to testify or present any evidence in the arbitration action whatsoever.

2

3

3.     Source Salba seeks to intervene because the aforementioned arbitration award, wherein Plaintiffs were awarded all requested relief, was overreaching with respect to third parties.  Specifically, the award should not have encompassed relief which would extinguish all of the rights of third parties without either: (i) naming those affected entities or persons as parties; or (ii) otherwise allowing a presentation of a "representative" third party position. Indeed, a complete case was never tried before a tribunal, by virtue of a default of Salba Corp., N.A. in its failure to defend itself to the conclusion of the arbitration proceeding. Accordingly, to the extent the arbitration award adversely impacts Source Salba's rights, the award should not be affirmed in its entirety, but should instead be modified in pertinent part.

4.     Indeed, even if Source Salba had seen the arbitration demand prior to the arbitration, such demand contains only vague allegations which would leave any potentially interested third party incapable of ascertaining or predicting that Plaintiffs would ultimately be requesting such extraordinarily broad relief.

5.      For these reasons, Source Salba moves to intervene and requests leave of court to file a Response in Opposition directed to the Application for Order Confirming Arbitration Award to the extent the relief sought by Plaintiff affects its rights, by virtue of the fact both that (i) Plaintiffs failed to sue or otherwise include Source Salba in its lawsuit; and (ii) because no defense was brought or representative position raised before any tribunal so as to protect the rights of Source Salba or interested third parties like Source Salba.

6.     To be clear, Source Salba, by intervening, does not otherwise seek modification of the arbitration award as it may impact Salba Corp., N.A.  Source Salba only requests modification with respect to the impact upon its own rights.  Such request is reasonable under the circumstances.

7. For the reasons set forth herein, Source Salba should be permitted to intervene in this action.

## I. Source Salba seeks Leave of Court to Object to the Entry of the Arbitration Award.

Until the Application for Order Confirming Arbitration Award was filed, neither Source Salba, nor any other similarly situated entities of which Source Salba may be representative, had sufficient substantive knowledge of events transpiring in the arbitration action. Indeed, unlike district court proceedings, which are largely a matter of public record, the record of proceedings before the American Arbitration Association is not made available to the public and is not made available upon request by any interested non-party.

As explained within its proposed Response in Opposition to the Plaintiffs' instant application, a copy of which is attached hereto as **Exhibit "A,"** Source Salba has marketed its products using the Salba trademark owned by Salba Corp., N.A. and invested substantial sums in doing so. It would be manifestly unjust for this Court to confirm an adverse ruling that adversely impacts Source Salba who was not sued or otherwise included by the Plaintiffs in the either the previous lawsuit or the arbitration action. Source Salba was blindsided by not only the ultimate issuance of an arbitration award with the potential to adversely affect its valuable rights, but also by the mere existence of this proceeding and the related arbitration.

Indeed, the arbitrator's award has a far-reaching impact on Source Salba and Source Salba only seeks to intervene in a limited manner to protect its interests. Specifically, Source Salba requests that the Court permit intervention as a matter of right pursuant to Rule 24(a)(2). Alternatively, Source Salba requests that this Court use its discretion to allow Source Salba to intervene pursuant to Rule 24(b). The legal basis for this Court to rule in Source Salba's favor to allow such intervention is as follows.

**II.     This Court Should Permit Source Salba Leave to Intervene in this Proceeding and, Accordingly, Modify the Arbitration Award.**

Rule 24 provides, in pertinent part, as follows:

**Rule 24. Intervention**

**(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

**(b) Permissive Intervention.**

**(1)** *In General.* On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

**(2)** *By a Government Officer or Agency.*

. . .

**(3)** *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

**(c) Notice and Pleading Required.** A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

See Fed. R. Civ. Pro. Rule 24.

Rule 24, cited above, which governs intervention, has been given a liberal construction by the Tenth Circuit Court of Appeals, whose construction favors the allowance of intervention. See Utahns for Better Transp. v. U.S. Dept. of Transp., 295 F.3d 1111, 1115 (10th Cir. 2002)

5

("Our court has tended to follow a somewhat liberal line in allowing intervention.")("The threat of economic injury from the outcome of litigation undoubtedly gives the petitioner the requisite interest.")("There are other reasons for allowing intervention.  There is some value in having the parties before the court so that that they will be bound by the result."); see also Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1249 (10th Cir. 2001)("This circuit follows 'a somewhat liberal line in allowing intervention.'"); Wildearth Guardians v. U.S. Forest Service, 573 F.3d 992 (10th Cir. Colo. 2009)(A movant seeking to intervene in an action as of right need only show the possibility of inadequate representation).

As set forth in the attached Response in Opposition, Source Salba has protectable business interests that would be significantly adversely impacted were this Court to grant the instant Application for Order Confirming Arbitration Award brought by the Plaintiffs.  Thus, intervention by Source Salba in this litigation as a matter of right is warranted.  Alternatively, Source Salba respectfully requests that the Court exercise its discretion to permit intervention by Source Salba under Rule 24(b).

    **A.**    **Source Salba Should be Permitted to Intervene in this Action, as a Matter of Right, pursuant to Rule 24(a).**

Courts in the Tenth Circuit generally employ a four-part test for intervention as a matter of right under Rule 24(a).  Here, Source Salba satisfies all prongs of the test.  Namely, (i) Source Salba's application is "timely"; (ii) Source Salba "claims an interest relating to the property or transaction which is the subject of the action"; (iii) Source Salba's interest "may as a practical matter" be "impair[ed] or impede[d]"; and (iv) Source Salba's interest "is [not] adequately represented by existing parties."  See Utahns for Better Transp., 295 F.3d at 1115 (citing Utah

Ass'n, 255 F.3d at 1249; see also Coalition of Arizona/New Mexico Counties for Stable Econ. Growth v. Dep't of Interior, 100 F.3d 837, 840 (10th Cir. 1996); Fed. R. Civ. P. 24.

    **(i)    Source Salba' Intervention at this Stage is Timely.**

First, Source Salba had no notice of this action until the present time. Accordingly, Source Salba believes that the Plaintiffs' Application for Order Confirming Arbitration Award in reality is a petition to which a responsive pleading should be brought by interested parties including Source Salba, particularly since the scope of such relief was not requested by the Plaintiffs in the initial Petition to Compel Arbitration. For this reason, Source Salba believes that the Application for Order Confirming Arbitration Award should have been filed as a new action, in the form of a Complaint to which a responsive pleading may be filed, and not as a mere application for an order confirming the arbitrator's award.

In any case, Source Salba's request to intervene is timely because relief is being sought prior to the adoption by this court of the underlying arbitration award. No party can claim prejudice from permitting Source Salba to intervene immediately after the filing of the Plaintiffs' Application for Order Confirming Arbitration Award. Indeed, the prejudice to proposed intervenor, Source Salba, by far outweighs any prejudice to Plaintiffs in proceeding as requested. See Utah Ass'n, 255 F.3d at 1250 (District court abused its discretion in finding intervention untimely where intervenors waited to file their motion to intervene until resolution of a dispositive motion in order to ascertain whether there would ultimately be a case in which to intervene)("Courts should discourage premature intervention that wastes judicial resources")(*citing* Sierra Club v. Espy, 18 F.3d 1202 (5th Cir. 1994)); see also Sanguine, Ltd. v. United States Dep't of Interior, 736 F.2d 1416, 1418 (10th Cir. 1984) (Intervention was timely where Appellants did not move to intervene until more than thirty days after the entry of

7

judgment because they were not aware of their interest until approximately two weeks after entry of judgment)("The timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances'").

Indeed, the earliest Source Salba could have become apprised of the impact of the arbitration action was when the Plaintiffs filed the instant Application for Order Confirming Arbitration Award. However, Source Salba never received notice that such had been filed until the arbitration had already occurred. Accordingly, such application is timely.

### ii)  Source Salba Has a Protectable Interest.

The protectable interest test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." See Utahns for Better Transp., 295 F.3d at 1115 (citing Utah Ass'n, 255 F.3d at 1251-52;Coalition, 100 F.3d at 841). Source Salba has a significant protectable interest as it holds and has developed over time, at great expense, identifiable rights which are potentially adversely affected by the disposition of the arbitration action. As a result, no question exists that Source Salba has an interest at this stage of the district court proceeding. The second prong of the test is thereby satisfied.

### iii)  Source Salba's Interests Will be Significantly Impaired by the Disposition of This Case.

If the Court disposes of the instant Application for Order Confirming Arbitration Award and grants the order as requested, without permitting Source Salba to intervene, Source Salba's interest will be substantially impaired. The impairment of Source Salba's interests is another compelling reason justifying intervention, particularly given the minimal showing required to

satisfy this prong of the intervention standard. See Utahns for Better Transp., 295 F.3d at 1115. In Utahns, the Tenth Circuit held that intervention is appropriate when an action may impair or impede another party's ability to protect its interests. See id. *citing* Natural Res. Def. Council v. United States Nuclear Regulatory Comm'n, 578 F.2d 1341, 1346 (10th Cir. 1978), the Utahns Court held, "[t]here is some value in having the parties before the court so that they will be bound by the result."

Indeed, "the question of impairment is not separate from the question of existence of an interest." Natural Res. Def. Council, 578 F.2d at 1345. "To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." Utah Ass'n, 255 F.3d at 1254. Source Salba should be permitted to intervene in this case because it stands to lose its valuable rights relating to the business it is engaged in selling Salba products if it is not permitted to do so. Accordingly, the third prong of the intervention as of right analysis is also satisfied.

### iv) Source Salba's Interests Are Not Adequately Represented by Other Parties.

No doubt exists that Source Salba's interests are not adequately represented in this case. Indeed, it is possible and, in fact, it is more likely than not that the Defendant, Salba Corp, N.A., based on its inattention to the underlying arbitration action, will allow the arbitration award to be adopted by this Court without responding or objecting to it at all. Salba Corp., N.A allowed a complete default to occur in the underlying arbitration action and failed to present any defense with respect to the award leading up to the filing of the Plaintiffs' instant motion. Further, Salba Corp, N.A.'s counsel previously withdrew in this very proceeding and no new counsel has appeared on its behalf. This is significant because Salba Corp., N.A. cannot represent itself in a district court proceeding, unlike in a proceeding pending before the American Arbitration

Association, where a corporation can represent its own interests, although Salba Corp. was dilatory in doing so in the underlying arbitration action.  Thus, because there are no other parties participating at all besides the Plaintiffs, there is no question that no party has presented or will present a position representative of that of Source Salba.

The United States Supreme Court has held that the requirement of inadequate representation is satisfied, if the representation of a named party may be inadequate. See Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972).  The Tenth Circuit Court of Appeals has noted that the burden of showing that a party's interests are not adequately protected is minimal.  See Utahns, 295 F.3d at 1117 (*citing* Utah Ass'n, 255 F.3d at 1254; and Sanguine, 736 F.2d at 1419). Indeed, "[t]he possibility that the interests of the applicant and the parties may diverge 'need not be great' in order to satisfy this minimal burden." Utah Ass'n, 255 F.3d at 1254 (citing Natural Res. Def. Council, 578 F.2d at 1346). Thus, Source Salba satisfies the final prong of the test as well.  Because all four elements of the intervention as of right test are satisfied and would support intervention by Source Salba, the Court should permit Source Salba to intervene as a matter of right pursuant to Rule 24(a)(2).

    **B.**    **If this Court Does Not Agree that Intervention as a Matter of Right is Warranted, this Court Should Rule in Favor of Allowing Permissive Intervention.**

In the event the Court does not permit Source Salba to intervene as a matter of right, Source Salba submits that permissive intervention pursuant Rule 24(b) is warranted. Rule 24(b) provides for permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." See Battle v. Fields, 172 F.3d 878 (10th Cir. 1999). Permissive intervention is a matter within the district court's discretion.  See Kaimachi R.R. Co. v. Nat'l Mediation Bd., 986 F.2d 1341, 1345 (10th Cir. 1993).

### III.   This Court Should Grant Leave to File the Attached Response in Opposition Because No "Responsive Pleading" Can Be Filed in Response to the Plaintiffs' Application.

Because the Application for Order Confirming Arbitration Award has been filed not as a Complaint, but only as an application, Source Salba cannot file a responsive pleading, as generally is required to be provided with a Motion to Intervene.  Accordingly, Source Salba, at this time, can request leave of court only to file a Response in Opposition to the instant application, which proposed response is attached hereto as **Exhibit "A."**  If Plaintiffs ultimately seek such broad relief, as has been requested in the Plaintiffs' instant Application for Order Confirming Arbitration Award, Plaintiffs should have put the Court and parties on notice at the onset of the proceedings and the scope of the relief sought, which adversely affects the interests of third parties, should have been clearly set forth in their original Petition in this action. Plaintiffs' failure to request such relief at the onset  left the Defendant-in-Intervention, Source Salba, without any clarity as to the scope of the proceeding or notice, thereby depriving it of any due process and rendering it unable to (i) attack the Petition in any way whatsoever; or (ii) to have sufficient notice as to enable it to participate as a Defendant-in-Intervention at any point in the proceeding prior to responding to the instant Application for Order Confirming Arbitration Award.  See Griffen v. Kelly, 297 Fed Appx. 760 (10th Cir. Colo. 2008)(Failure to timely submit an amended complaint which allows one to reasonably discern the nature of the claims asserted may result in dismissal of the case without prejudice); see also Porter v. Karavas, 157 F. 2d 984 (10th Cir. 1946)(The purpose of federal rule 8(a), which requires that a complaint contain a short plain statement of the claim showing that the plaintiff is entitled to relief and a demand for the relief to which he deems himself entitled, is to eliminate prolixity and to achieve simplicity and clarity).

11

12

For all the reasons stated herein, Source Salba respectfully requests that the Court exercise its discretion to permit Source Salba to intervene in this action and file its Response in Opposition to the Plaintiffs' Application for Order Confirming Arbitration Award and, further, to grant Source Salba, as a Defendant-in-Intervention, an opportunity to present oral argument at an evidentiary hearing in support of its position and in opposition to the relief presently sought by the Plaintiffs.

WHEREFORE, for the reasons stated above, Source Salba respectfully requests that the Court grant this Motion and permit Source Salba to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure, granting Source Salba Leave of Court to file the Response in Opposition attached hereto as **Exhibit "A,"** or, alternatively, to modify the award of the arbitrator, and to allow the presentation of oral argument together with testimony and/or affidavits at an evidentiary hearing relating to the instant Application for Order Confirming Arbitration Award and Response in Opposition, and awarding Source Salba any such further relief as is just and proper under the circumstances.

**D.C.COLO.LCivR 7.1(A) Certification**

Counsel for Intervenor Source Salba, Inc. has conferred with Stephen Gurr, attorney for Plaintiffs and Plaintiffs oppose this Motion to Intervene.

Dated this 13th day of April, 2010.

Respectfully submitted,

/s/ *Bobbee J. Musgrave*
Bobbee J. Musgrave
Tracy L. Ashmore
Holme Roberts & Owen, LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303)866-0200
bobbee.musgrave@hro.com
tracy.ashmore@hro.com

Counsel for the Intervenor,
Source Salba, Inc.

14

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of April, 2010 a copy of the foregoing was submitted via electronic case filing using the cm/ecf system which will provide an electronic copy to:

**Stephen D. Gurr, Esq.**
Kamlet Reichert, LLP
1515 Arapahoe Street
Tower 1, Suite 1600
Denver, CO 80202

/s/ *Teresa A. Mercill*