**ATTACHMENT A TO**

**SOURCE SALBA, INC.'S MOTION FOR LEAVE TO INTERVENE**

#1468748 v1 den

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-2142-CMA-MJW

WILLIAM A. RALSTON, RICHARD L. RALSTON, AND SALBA SMART NATURAL PRODUCTS, LLC,

Plaintiffs,

v.

SALBA CORP, N.A.,

Defendant,

and

SOURCE SALBA, INC.,

Intervenor.

## INTERVENOR'S RESPONSE IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR ORDER CONFIRMING ARBITRATION AWARD

Intervenor, SOURCE SALBA, INC. ("SOURCE SALBA"), by and through its undersigned attorneys, files this its Response in Opposition to the Plaintiffs' Application for the Entry of an Order Confirming the Award of the Arbitrator, Jane Michaels, as entered on March 11, 2010 and would show:

1.  The award of the arbitrator as entered by Ms. Michaels is overbroad and overreaching and awards rights to the Plaintiffs, WILLIAM RALSTON, RICHARD RALSTON, and SALBA SMART NATURAL PRODUCTS, LLC, beyond any legal rights previously owned or held by the Plaintiffs.

1

2. The award of the arbitrator unlawfully infringes upon the rights of SOURCE SALBA, a non-party to the arbitration proceeding and a non-party to the Assignment and Agreement dated January 26, 2007 by and between WILLIAM RALSTON, RICHARD RALSTON, THE GREAT WESTERN TORTILLA COMPANY and SALBA CORP., N.A., upon which the award of the arbitrator was allegedly based. Further, the award affects the valuable rights of other third parties, which may include, at the very least, Core Naturals, LLC and the Canadian entity known as "Salba Olé."

## BACKGROUND

3. The award of the arbitrator as entered in the arbitration proceeding pending before the International Centre for Dispute Resolution under Case No. 50-181-T-00467-09 was entered after an arbitration hearing that proceeded forward in Denver, Colorado on February 16, 2010 and at which hearing the Respondent to the arbitration proceeding, SALBA CORP., N.A., did not appear, either in person or telephonically. The arbitrator's award, however, violates the rules of the American Arbitration Association, which rule is cited in the arbitrator's award. Specifically, Rule 29 of the American Arbitration Association Rules governing commercial arbitration, cited in the arbitrator's award, provides as follows:

> Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award.

4. Although the arbitrator cites to and refers to American Arbitration Association Rule 29, the arbitrator merely gave lip service to the requisites of that rule and entered an award that expanded any rights previously held by the Petitioners, WILLIAM RALSTON, RICHARD RALSTON, and SALBA SMART NATURAL PRODUCTS, LLC.

## ARGUMENT

### THE ARBITRATOR'S AWARD UNLAWFULLY INFRINGES UPON THE RIGHTS OF SOURCE SALBA, A NON-PARTY TO THE UNDERLYING ARBITRATION PROCEEDING AND A NON-PARTY TO THE ASSIGNMENT AGREEMENT

5.     The Intervenor, SOURCE SALBA, was not a party to the underlying arbitration proceeding and, therefore, did not have the opportunity to participate in that proceeding in order to protect its rights.  The arbitrator's award which the Plaintiffs now seek to reduce to an order confirming said award unlawfully infringes upon valuable rights of the Intervenor, SOURCE SALBA.

6.     The Intervenor, SOURCE SALBA, is a party to that certain Supply Agreement dated November 14, 2006 by and between Salba Corporation, S.A., Source Salba, and Salba Corp., N.A.  A copy of this Agreement is attached as Exhibit "A."

7.     Pursuant to the terms of the afore-mentioned Supply Agreement, SOURCE SALBA was given the right to exclusively sell certain products in Canada using salvia hispanica grain and was licensed to use the mark "Salba" and all derivatives in conjunction therewith.  In addition, SOURCE SALBA was granted a right of first refusal to sell such products in the United States to any client or affiliate to whom Source Salba was selling such products in Canada.

8.     The Confirmatory Assignment, attached as Exhibit "A" to the arbitrator's award, which the arbitrator directs SALBA CORP., N.A. to execute, provides as follows:

> Assignor shall not adopt, grant any rights and/or use the registered mark "Salba," Registration No. 3,071,655 or any confusingly similar mark, or any term in combination with "Salba" in North America, nor shall Assignor or any successor in interest do or suffer to be done any act or thing which will in any way impair the rights of Assignees in and to the Marks, including but not limited to opposing or challenging the validity of the Marks.

3

9. The Confirmatory Assignment, as authored by the arbitrator, unlawfully infringes upon the rights of an interested party, the Intervenor, SOURCE SALBA, inasmuch as SOURCE SALBA has been using the registered mark "Salba" in commerce in North America at least since November 14, 2006. The language of the Confirmatory Assignment unlawfully infringes upon and, in effect, voids the valuable contract rights inuring in favor of SOURCE SALBA. Moreover, the Confirmatory Assignment operates to grant and vest valuable trademark rights to SALBA SMART NATURAL PRODUCTS, LLC, in a mark -"Salba"- that it never had any interest in.

10. Plaintiffs never requested any relief against SOURCE SALBA in its initial Petition to Compel Arbitration. Although the federal rules require only notice pleading, they still require a "short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. Pro. 8(a). The purpose of federal rule 8(a) is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." See Huggins v. Hilton, 180 Fed. Appx. 814 (10th Cir. 2006).

11. Moreover, SOURCE SALBA was improperly omitted as a defendant to this action. To the extent Plaintiffs seek an award that could affect the valuable rights of SOURCE SALBA, SOURCE SALBA is an indispensible party pursuant to Fed. R. Civ. Pro. 19(b). "An indispensible party is one whose interest will be affected by the judgment." See The Tewa Tesuque v. Morton, 498 F. 2d 240 (10th Cir. 1974)(In action for cancellation of a 99-year lease between the tribe and a developer, the tribe was an indispensible party since it would be affected if lease were cancelled; thus Complaint was properly dismissed). Thus, based upon principles of equity and good conscience, and as evidenced by the pleadings on record, Plaintiffs should be barred from seeking any relief which could adversely affect the valuable rights of SOURCE SALBA in this action.

12. Vacateur of an arbitration ruling is appropriate when "the exclusion of relevant evidence 'so affects the rights of a party that it may be said that he was deprived of a fair hearing.'" See Hotels Condado Beach, La Concha and Convention Center v. Union de Tronquistas Local 901, 763 F. 2d 34 (1st Cir. 1985). In this case, SOURCE SALBA, an indispensible party, was deprived of a fair hearing by virtue of Plaintiffs' failure to include SOURCE SALBA as a defendant in this proceeding. Accordingly, the award of the arbitrator must be modified or vacated in part as requested herein.

WHEREFORE, Intervenor, SOURCE SALBA, INC. requests that the Court vacate those portions of the arbitrator's award to the extent that those portions of the award are in contravention to its rights as an intervenor, specifically, vacating those portions of the arbitrator's award as follows:

1. That portion of the Confirmatory Assignment, attached as Exhibit "A" to the arbitration award, which attempts to invalidate the right of SALBA CORP., N.A. to extend valuable licensing rights to the mark "Salba" to third parties, including SOURCE SALBA. [1]

Dated this 13th day of April, 2010.

                                      Respectfully submitted,

                                      /s/ *Bobbee J. Musgrave*
                                      Bobbee J. Musgrave
                                      Tracy L. Ashmore
                                      Holme Roberts & Owen, LLP
                                      1700 Lincoln, Suite 4100
                                      Denver, Colorado 80203
                                      Telephone: (303) 861-7000
                                      Facsimile: (303)866-0200
                                      bobbee.musgrave@hro.com
                                      tracy.ashmore@hro.com

                                      Counsel for the Intervenor,
                                      Source Salba, Inc.

---

[1]   See generally Arbitrator's Award, Exhibit "A" (Doc. 56-2).

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April, 2010 a copy of the foregoing was submitted via electronic case filing using the cm/ecf system which will provide an electronic copy to:

**Stephen D. Gurr, Esq.**
Kamlet Reichert, LLP
1515 Arapahoe Street
Tower 1, Suite 1600
Denver, CO 80202

/s/ *Teresa A. Mercill*