**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02142-CMA-MJW

WILLIAM A. RALSTON,
RICHARD L. RALSTON, and
SALBA SMART NATURAL PRODUCTS, LLC,

      Plaintiffs,

v.

SALBA CORP. N.A.,

      Defendant.

---

**ORDER CONFIRMING ARBITRATION AWARD, DENYING CORE NATURALS, LLC'S AND SOURCE SALBA, INC.'S MOTIONS FOR LEAVE TO INTERVENE, AND GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

---

      This matter is before the Court on Plaintiffs William A. Ralston, Richard L. Ralston (the "Ralstons"), and Salba Smart Natural Products, LLC's Motion for Judgment and Application for Order Confirming Arbitration Award (Doc. # 56), Motions by third parties Core Naturals, LLC and Source Salba, Inc. for Leave to Intervene (Doc. ## 63 and 64, respectively), and Plaintiffs' Motion for Attorneys' Fees (Doc. # 38). For the following reasons, Plaintiffs' Motion for Judgment and Application for Order Confirming Arbitration Award is granted, Core Naturals, LLC's and Source Salba, Inc.'s Motions for Leave to Intervene are denied, and Plaintiffs' Motion for Attorneys' Fees is granted in part.

## I. BACKGROUND

This matter concerns alleged breaches of a January 26, 2007 Trademark Assignment and Agreement entered into between the Ralstons, Defendant Salba Corp. N.A., and Great Western Tortilla Company, Inc., a company formerly owned by the Ralstons. Plaintiff Salba Smart Natural Products, LLC ("Salba Smart"), is a party to this action, having sub-licensed the subject trademarks from the Ralstons. Pursuant to this Assignment and Agreement, the Ralstons and Great Western Tortilla assigned to Defendant Salba Corp. N.A. the rights in the federally-registered trademarks, SALBA SMART and SALBA BALANCE (the "Marks"). In turn, Defendant Salba Corp. N.A. granted the Ralstons and Great Western Tortilla a sole and exclusive worldwide license to use the Marks in connection with certain licensed products, namely snack foods, tortillas, flat breads, salsa, and other sauces and condiments containing salba or "salvia hispanica" ingredients (the "Licensed Products"). In pertinent part, the Assignment and Agreement also sets forth the following:

- Defendant Salba Corp. N.A. shall not adopt, grant any rights, and or use SALBA SMART, SALBABALANCE, or any term in combination with SALBA in North America on certain products identified in a supply agreement;

- Defendant Salba Corp. N.A. shall not use, assign, sell or otherwise transfer the Marks without the Ralstons' and Great Western Tortilla's prior written consent;

- The Assignment and Agreement would terminate in the event that either Defendant Salba Corp. N.A. assigned, transferred, sold or licensed the Marks without the Ralstons' and Great Western Tortilla's prior written consent or Defendant failed to comply with any other provision of the Agreement;

- In the event of termination by the above-described means, Defendant Salba Corp. N.A. would forfeit ownership of all right, title and interest to the Marks, and title to the Marks and accompanying good will would automatically revert back to the Ralstons. The forfeiture of and reversion of rights would be set forth in a confirmatory assignment, which Defendant would execute.

- If any controversy or claim arising out of or relating to this Agreement, or the breach thereof, cannot be resolved by mediation, it will be submitted to arbitration in accordance with the Rules of the American Arbitration Association. The arbitrator's award will be binding and judgment thereon may be entered by any court of competent jurisdiction.

(Doc. # 56-2 at 3-5.)

On September 8, 2009, Plaintiffs filed a Petition to Compel Arbitration (Doc. # 1), pursuant to the arbitration provision contained within the 2007 Trademark Assignment and Agreement. In pertinent part, Plaintiffs sought to arbitrate claims arising from Defendant's alleged infringement of the federally registered trademarks, SALBA SMART and SALBA BALANCE. Plaintiffs later filed a Request for Forthwith Hearing on Petition to Compel Arbitration. (Doc. # 4). Defendant responded to Plaintiff's Petition on October 19, 2009, contesting the validity of the Assignment and Agreement. (Doc. # 17). In pertinent part, Defendant maintained that the Assignment and Agreement was signed on Defendant's behalf by an individual without authority to so bind Defendant. At an October 29, 2009 Hearing, the Court determined that the signatory at issue was cloaked with apparent authority to sign the Assignment and Agreement on Defendant's behalf, and Defendant failed to timely inform Plaintiffs that the signatory lacked authority

to do so. Upon finding that the Assignment and Agreement was valid, the Court granted Plaintiffs' Petition to Compel Arbitration and ordered the parties to resolve the trademark infringement dispute before an arbitrator. (Doc. # 37). Further, the Court granted Plaintiffs leave to file a motion for attorneys' fees and costs that they incurred in association with their attempts to compel arbitration. (*Id.*)

On November 5, 2009, Plaintiffs filed their Motion for Attorneys' Fees. (Doc. # 38). Plaintiffs' Motion included a request for sanctions under Fed. R. Civ. P. 11, and 29 U.S.C. § 1927. On November 24, 2009, Defendant responded, which Response brief included a Motion for Reconsideration of Rulings on Plaintiffs' Petition to Compel Arbitration and Plaintiffs' Motion for Attorney's Fees. (Doc. # 48.) On December 4, 2009, Plaintiff filed a Combined Reply in Support of Motion for Attorneys' Fees and Response in Opposition to Motion for Reconsideration. (Doc. # 49.) On December 17, 2009, via a Minute Order, the Court struck from Plaintiffs' Motion for Attorneys' Fees the request for sanctions under Rule 11 and 29 U.S.C. § 1927, for failure to comply with Rule 11(c)'s filing requirements for motions for sanctions. (Doc. # 52.) Also, the Court struck from Defendant's Response brief the incorporated Motion for Reconsideration, for failure to comply with D.C.COLO.LCivR 7.1C. (*Ia.*) Accordingly, the Court will only consider Plaintiffs' Motion for Attorneys' Fees and not any of the stricken and embedded motions.

Pursuant to the Court's Order, the parties proceeded to arbitration before the International Centre for Dispute Resolution, and on March 11, 2010, an arbitration

award was issued in Plaintiffs' favor (the "Award of Arbitrator").  (Doc. # 56-1).

In pertinent part, the arbitrator, Jane Michaels, found as follows:

- a. Defendant breached the Assignment and Agreement by assigning, transferring, selling, or licensing the Marks without the Ralstons' and Great Western Tortilla's prior written consent and otherwise failing to comply with certain provisions of the Assignment and Agreement;

- b. As a result of Defendant's breach, it forfeited the Marks, which reverted to the Ralstons, and Defendant is ordered to execute a Confirmatory Assignment that memorializes the reversion of rights to the Ralstons;

- c. Salba grain, in whole grain and ground form, is a Licensed Product under the Assignment and Agreement, as reflected in an August 27, 2007 e-mail between the Ralstons and Larry Brown, as Defendant's representative, which concerned new designs for Plaintiff Salba Smart's SALBA-branded bags of salba grain.

- e. Defendant did not have the legal right to license the SALBA SMART, SALBA BALANCE, or SALBA trademarks to third party Core Naturals in 2009; the Ralstons possess the legal right to sub-license these marks and, therefore, Defendant is enjoined from further performance under its license agreement with Core Naturals.

- f. Based on other evidence presented to Arbitrator Michaels, she found that Defendant engaged in deceit based on fraud, tortious interference with contract and prospective business advantage, defamation, breach of duty of good faith and fair dealing, deceptive trade practices, and violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

(*Id.* at 22-31).  Upon these findings, Arbitrator Michaels awarded trebled damages in the amount of $1,320,126, plus fees and costs.  (*Id.* at 31, 32).  In addition, in pertinent part, Arbitrator Michaels directed Defendant to assign certain SALBA SMART and SALBABALANCE trademarks and accompanying good will to the Ralstons and execute

a Confirmatory Assignment transferring ownership of the entire right, title and interest in the Marks to the Ralstons. (*Id.* at 32-33). Finally, Arbitrator Michaels directed Defendant to pay Plaintiffs the total sum of damages, fees, and costs within thirty (30) days from the date of issuance of the arbitration award (March 11, 2010). (*Id.* at 34).

On March 18, 2010, pursuant to Sections 9 and 13 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, Plaintiffs filed an Application for Order Confirming Arbitration Award. (Doc. # 56). On March 19, 2010, the Court directed Defendant to file a response, if any, to Plaintiffs' Application by no later than March 29, 2010. (Doc. # 57). On March 25, 2010, the Court granted Defendant a 15-day extension of time to respond, up to and including April 13, 2010, in light of Defendant's attorneys' withdrawal of representation. (Doc. # 61; *see also* Doc. ## 58, 59, 62.)

Defendant has not responded to Plaintiffs' Application. However, on April 13, 2010, third parties Core Naturals, LLC and Source Salba, Inc. (the "Proposed Intervenors") filed Motions to Intervene. They maintain that intervention is warranted because the arbitration award negatively impacts their rights and, as non-parties to the arbitration action, they had no standing to protect their rights, namely rights set forth in certain licensing agreements they entered into with Defendant. (Doc. ## 63 and 64, respectively.) The Court will first address the Proposed Intervenors' Motions to Intervene.

## II.  ANALYSIS

**A.    INTERVENTION OF RIGHT**

Pursuant to Fed. R. Civ. P. 24, an individual or entity may intervene in an action in one of two ways, as of right or permissively.  Under Rule 24(a)(2), a court must permit anyone to intervene who meets the following four factors:

> (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties.[1]

*Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (internal quotations and citations omitted).  "Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right." *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984) (citing *Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 369 (1973)).

Core Naturals and Source Salba contend that intervention as of right under Fed. R. Civ. P. 24(a) is warranted because their requests are timely; they have a protectable interest, which will be significantly impaired by the disposition of this case; and their interests are not adequately represented by other parties.  (Doc. # 63 at 7-11.)  The Court disagrees.

---

[1] In the Court's view, this fourth factor is not met because Defendant Salba Corp. N.A. could have, and arguably should have, represented the Proposed Intervenors' interests, but chose not to participate in the arbitration proceeding.

An intervenor's interest must be "direct, substantial, and legally protectable." *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (quoting *In re Kaiser Steel Corp.*, 998 F.2d 783, 791 (10th Cir. 1993)). The inquiry is highly fact-specific and the interest test is a "practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process[.]" *Id.* at 841 (internal citations and quotations omitted).

Intervention of right is not warranted in the instant case. The instant action concerns the parties' specific rights and the obligations of the Ralstons and Salba Corp. N.A. under the 2007 Trademark Assignment and Agreement, as well as Defendant Salba Corp. N.A.'s breaches of those obligations. The Proposed Intervenors' claims concern their rights under separate agreements they entered into with Defendant Salba Corp. N.A. and Defendant's obligations pursuant to those agreements. Nothing prevents the Proposed Intervenors from filing a separate action against Defendant. The Proposed Intervenors' participation in the instant suit would not change the fact that Defendant breached the 2007 Trademark Assignment and Agreement, in part, by granting unauthorized trademark licenses to them. However, their participation would interject new and distinct issues. In light of the new and distinct issues, denial of the third parties' Motions for Leave to Intervene does not bind them by *res judicata* or collateral estoppel from obtaining relief/damages from Defendant for the improper licensing of said trademarks. *See Fed. Deposit Ins. Co. v. Jennings*, 816 F.2d 1488,

1492-93 (10th Cir. 1987) (affirming denial of motion to intervene where the proposed intervenors' claims arose from duties separately and distinctly owed to it by a defendant); *see also Commodity Futures Trading Comm'n*, 736 F.2d at 387 (quoted in *Utah Ass'n of Counties.*, 255 F.3d 1246, 1254) (affirming denial of motion to intervene where potential intervenor would not be prejudiced by presenting claims in alternative forum).  Finally, the interjection of new issues would impede efficiency and due process. *See Fed. Deposit Ins. Co.*, 816 F.2d at 1492.

**B.    PERMISSIVE INTERVENTION**

Alternatively, Core Naturals and Source Salba seek permissive intervention under Fed. R. Civ. P. 24(b) because their claim and the main action have a question of law or fact in common.  (Doc. # 63 at 11.)  Under Rule 24(b)(1), the court, in its discretion, *may* permit anyone to intervene who:

(A)    is given a conditional right to intervene by a federal statute; or

(B)    has a claim or defense that shares with the main action a common question of law or fact.

When contemplating permissive intervention, the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

In the instant case, as previously noted, any claims the Proposed Intervenors have relate to agreements that are distinct from the 2007 Trademark Assignment and Agreement involved in the instant action.  As such, the Proposed Intervenors do not have a claim that shares a common question of law or fact to the issues in the instant

9

action. Intervention would only serve to introduce additional issues that do not directly concern the Ralstons' contractual arrangements with Defendant and would unduly delay the entry of judgment in Plaintiffs' favor and the ultimate disposition of this case. Accordingly, the Court declines to exercise its discretion to allow permissive intervention.

## C.    CONFIRMATION OF ARBITRATION AWARD

Where, as in the instant case, parties to an arbitration have agreed that a court judgment shall be entered upon the issuance of an arbitration award, "at any time within one year after the award is made any party to the arbitration may apply to the court so specified [in the parties' agreement] for an order confirming the award, and thereupon the court **must** grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 [of the FAA]." 9 U.S.C. § 9 (emphasis added); *see also Hall Street Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). As stated in sections 10 and 11, a court may vacate or modify an arbitration award "upon the application of any **party** to the arbitration". 9 U.S.C. §§ 9, 10 (emphasis added).

In the instant case, none of the parties to the arbitration have filed an application to vacate or modify the arbitration award.[2] Further, upon review of the Award of Arbitration, the Court finds that Arbitrator Michaels performed a thorough analysis

---

[2]  Although the Proposed Intervenors have submitted proposed Responses in Opposition to Plaintiffs' Application for Order Confirming Arbitration Award as attachments to their Motions for Leave to Intervene, (*see* Doc. ## 63-5, 64-2), such proposed Responses have no impact on the Court's determination of whether to confirm that arbitration award, because, as previously discussed, the Court has denied the Motions for Leave to Intervene and the Proposed Intervenors were not parties to the arbitration.

and issued a well-reasoned opinion, which was supported by the evidence presented. Accordingly, having denied the Proposed Intervenors' Motions to Intervene and, in light of Defendant's failure to object to Plaintiffs' Application for Confirming Arbitration Award despite a generous extension of time to do so, the Court finds no reason to vacate or modify the arbitration award. Therefore, Plaintiffs' Application (Doc. # 56) is granted.

### D. PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

In their Motion for Attorneys' Fees, Plaintiffs request an award in the amount of $39,564.54.[3] Defendant objects to Plaintiffs' Motion for Attorneys' Fees on three grounds: (1) Plaintiffs' billing summaries reflect block-billing of time, (2) a partner-level attorney performed services that could have been performed by a more junior attorney at lower hourly rates, and (3) "many of the time entries are otherwise highly objectionable". (Doc. #c48 at 3.) The Court disagrees.

First, as stated in *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000), a case that Defendant duly acknowledges, the Tenth Circuit "has not established a rule mandating reduction or denial of a fee request if the prevailing party submits attorney-records which reflect block billing." However, a "district court may discount requested attorney hours if the attorney fails to keep 'meticulous, contemporaneous

---

[3] In support of their Motion, Plaintiffs submitted affidavits and billing summaries, which reflect the basis for this sum and the reasonableness of the billing rates: (1) 109 hours billed by attorney Stephen D. Gurr at the rate of $335/hour ($36,515) + (2) 6.6 hours billed by paralegal Cheryl Thomas at the rate of $125/hour ($825) + (3) 3 hours billed by associate attorney R. Livingston Keithley at the rate of $235/hour ($705) + (4) 3 hours billed by associate attorney Elizabeth Peros at the rate of $225/hour ($675) + $844.54 in computerized legal research services. (Doc. ##38-2, 38-3).

records' that reveal 'all hours for which compensation is requested and how those hours were allotted to specific tasks.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), *overruled on other grounds*, *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)).  In the instant case, having reviewed the billing summaries for Plaintiffs' attorneys, the Court finds that the summaries are meticulous records and detailed explanations of the services rendered; the summaries adequately allow the Court to analyze the reasonableness of the fees generated and time billed.

Second, having analyzed the allocation of time spent by Plaintiffs' attorneys on various legal services, the Court finds that Mr. Stephen Gurr's expenditure of time on legal research[4] or drafting a majority of the briefs, tasks frequently delegated to more junior attorneys, was reasonable, especially given the expedited briefing and hearing schedule set by the Court.[5]  *See, e.g.*, *Soto v. Jurado*, No. 97-2231, 1998 WL 911693, at *6 (10th Cir. Dec. 31, 1998) ("Reasonable hours generally include the time necessary for a competent attorney to thoroughly prepare and try the case.")  Further, the tasks at

---

[4] Defendant does not appear to have objected to the $844.54 in computerized legal research fees.  The Court finds these costs reasonable, as the research conducted was directly related to the issues before the Court and the time spent appears to be reasonable.  Further, costs generated in connection with legal research may be "compensable as attorneys fees as 'a substitute for an attorney's time . . . .'" *DeGrado v. Jefferson Pilot Fin. Ins. Co.*, No. 02-cv-1533, 2009 WL 1973501, at *11 (D. Colo. July 6, 2009) (quoting *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1180 n.10 (10th Cir. 2005)).

[5] On October 23, 2009, the Court directed the parties to submit additional briefing and evidence on issues related to the validity and enforcement of the 2007 Trademark Assignment and Agreement within four days and set an evidentiary hearing for October 29.  (Doc. # 27 at 5-7).

issue are not the kind that can be delegated to a non-professional assistant.  *See id.* at *16-*17 ("A party may not recover attorney's fees for tasks easily delegated to a non-professional assistant.").  Moreover, these tasks were directly connected to Mr. Gurr's preparation for the evidentiary hearing set by the Court, and the subjects researched were directly connected to the matters briefed by the parties.  Without question, more time would have been expended and more fees generated if such tasks were delegated to a more junior attorney who would then have to debrief Mr. Gurr.

Third, Defendant fails to elaborate on its contention that the time entries of Plaintiffs' attorneys are "highly objectionable," and the Court finds no basis for this contention.

Therefore, for the above-discussed reasons, Plaintiffs' Motion for Attorneys' Fees is granted to the extent it seeks attorneys' fees incurred in association with their attempts to compel arbitration.  For reasons previously discussed, Plaintiffs' Motion is denied to the extent they seek sanctions.

### III.  CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED THAT Core Naturals, LLC and Source Salba, Inc.'s Motions for Leave to Intervene (Doc. ## 63 and 64, respectively) are DENIED.

IT IS FURTHER ORDERED THAT Plaintiffs' Motion for Judgment and Application for Order Confirming Arbitration Award (Doc. #56) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Attorneys' Fees (Doc. # 38) is GRANTED IN PART and that Plaintiffs shall be awarded attorneys' fees in the amount of $39,564.54.  The Motion is DENIED IN PART to the extent it seeks sanctions.

IT IS FURTHER ORDERED that the Clerk shall enter judgment in favor of Plaintiffs William A. Ralston, Richard L. Ralston, and Salba Smart Natural Products, LLC and against Defendant Salba Corp. N.A. in the amount of $1,474,373.00, representing $1,320,126.00 in damages and $114,682.46 in attorneys' fees and costs awarded by the Arbitrator pursuant to the March 11, 2010 Award of Arbitrator (Doc. # 56-1) and $39,564.54 in attorneys fees awarded by this Court in connection with Plaintiffs' Motion for Attorneys' Fees (Doc. # 38).

Although the Clerk is directed to close this case upon entry of the judgment, the Court shall retain jurisdiction for purposes of entertaining a motion for entry of judgment in favor of Plaintiffs and against Defendants in the additional amount of $33,484.50, should Defendant fail to reimburse Plaintiffs the arbitration costs awarded to Plaintiffs pursuant to Paragraph 8 of the Award of Arbitrator.

DATED:  April __21__, 2010

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge